592 A.2d 730

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Karen S. KLINE.**

Superior Court of Pennsylvania.

Argued April 17, 1991.

Filed June 12, 1991.

Charles Coleman, Asst. Dist. Atty., Reading, for Com., appellant.

William R. Bernhart, Reading, for appellee.

Before MONTEMURO, BECK and TAMILIA, JJ.

BECK, Judge:

The issue in the instant appeal is whether appellee Karen Kline's guilty plea to a summary traffic violation bars a subsequent prosecution for a charge of drunk driving which arose out of the same incident. Under the circumstances of this case and the recent United States Supreme Court pronouncements in this area, *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), we conclude that prosecution for drunk driving violated Kline's protection against twice being placed in jeopardy. Accordingly, we affirm the trial court's order dismissing the charges against Kline.

■ The facts which give rise to this appeal are as follows. On May 17, 1989, a state police officer noticed a vehicle weaving across the center line of the highway. The car's motion forced the police officer to move his car partly off the road to avoid being hit. Karen Kline was driving the weaving car which continued to veer from side to side as it travelled up the highway. The trooper stopped the vehicle, detected the smell of alcohol and placed Kline under arrest. The trooper told Kline that he believed that she was under the influence of alcohol and was being arrested for driving under the influence of alcohol (DUI). He transported her to the nearby state police headquarters and had her car towed. Kline refused to submit to a blood alcohol test. That day, prior to releasing Kline, the trooper issued a citation charging her with the summary motor vehicle code violation of failing to drive on right side of roadway.[1] 75 Pa.Cons.Stat.Ann. § 3301 (Purdon 1977).

Five days later, on May 22, 1989, a criminal complaint was filed charging Kline with driving under the influence of alcohol,[2] (DUI) 75 Pa.Cons.Stat.Ann. § 3731 (Purdon 1990). On May 27, 1989, Kline pled guilty to the summary offense

---

**1.** The Rules of Criminal Procedure for summary cases contemplate that ordinarily citations for summary offenses will be issued by law enforcement officers and handed to the defendant at the time the offense is committed. *See* Committee Introduction to Chapter 50 of the Rules of Criminal Procedure; Pa.R.Crim.P. 51 and 55. However, the rules also state that in cases which involve both summary offenses and "court cases" (i.e., misdemeanor, felony or murder charges), the summary offenses, if known at the time, "shall be charged in the same complaint as the higher offenses and shall be disposed of as part of the court case." Pa.R.Crim.P. 51, Comment. We note that had this procedure been followed here, the double jeopardy issue with which we are faced could have been avoided. Moreover, it is clear to us that in the future summary offenses and greater criminal charges arising out of the same transaction must be brought together to prevent a hastily entered guilty plea on the citation from barring prosecution on the greater offenses.

**2.** Rule 130(b) of the Rules of Criminal Procedure provides that a defendant arrested without a warrant for DUI may be released from custody at the discretion of the arresting officer, without first being taken before the issuing authority. When a defendant is released pursuant to this provision of the rules, a complaint against the defendant must be filed within five days of the defendant's release. Pa.R.Crim.P. 130(d).

by signing her citation and mailing it in.[3]  It was stipulated that Kline pled guilty to the summary offense before receiving notice of the DUI charge.

After numerous continuances were sought and granted, Kline filed a pre-trial motion to dismiss the complaint on the ground that her plea to the summary offense precluded the DUI prosecution.  Relying on the recently announced United States Supreme Court opinion in *Grady v. Corbin, supra,* she argued that in order to establish the essential elements of the DUI offense, the Commonwealth necessarily would have to prove conduct for which she had already pled guilty.  This, she claimed, would violate her constitutional guarantee against double jeopardy.  The trial court agreed and dismissed the DUI complaint.  In our view, both *Grady v. Corbin, supra,* and *Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990), this court's recent *en banc* double jeopardy decision, compel us to affirm the trial court.

In *Grady v. Corbin,* in a fact pattern critically similar to the one in the instant case, the United States Supreme Court announced the principles by which courts must interpret what constitutes prosecution for the "same offense" for purposes of the constitutional guarantee against double jeopardy.  The charges at issue in *Grady v. Corbin* arose from an automobile accident involving multiple potential charges.  The defendant, Corbin, drove his car across the double yellow line of a highway in New York, striking two oncoming vehicles.  One fatality and a second serious injury resulted from the collision.  On the day of the accident, Corbin was served with two traffic tickets charging him with driving while intoxicated and failing to keep right of the median.

Meanwhile, the State of New York began a grand jury investigation aimed toward prosecuting Corbin for homi-

---

**3.**  The rules provide that a defendant must enter a plea of guilty or not guilty within ten days after the issuance of a citation.  Pa.R.Crim.P. 57.  A plea of guilty may be entered in writing by returning the citation along with an amount equal to the fine and costs noted in the citation.  Pa.R.Crim.P. 59(a)(1).

cide. Despite this, Corbin appeared before the Town Justice Court and pled guilty to the two traffic tickets. No one from the prosecutor's office informed the presiding judge about the pending homicide investigation either at the time of the guilty plea or at sentencing when a sentence of fines and license revocation was imposed. Neither Corbin nor his counsel informed the court that the accident resulted in a fatality. Two months later Corbin was indicted on charges of reckless manslaughter, second-degree vehicular homicide, criminally negligent homicide, third degree reckless assault and driving while intoxicated.

The prosecution filed a bill of particulars stating its intention to prove the homicide and assault charges based on three reckless or negligent acts by Corbin: 1) operating a vehicle while intoxicated; 2) failing to keep right of median; and 3) driving too fast for weather conditions. Corbin moved to dismiss the indictment on double jeopardy grounds. The New York Court of Appeals found that because the state conceded that the prosecution for homicide and assault would rely upon the prior traffic offenses to establish the elements of the greater offenses, double jeopardy barred the subsequent prosecution.[4] *Corbin v. Hillery*, 74 N.Y.2d 279, 545 N.Y.S.2d 71, 543 N.E.2d 714 (1989). The United States Supreme Court affirmed.

In its opinion the Supreme Court clarified and expanded the inquiry which must be undertaken in order to determine whether successive prosecutions violate the double jeopardy guarantee. It focused on the dangers inherent in multiple

---

**4.** The New York Court of Appeals found that the indictment count charging driving while intoxicated was barred by New York's statutory double jeopardy provision. In addition, the state court ruled that vehicular manslaughter was barred pursuant to the *Blockburger* test, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), because, as a matter of New York law, driving while intoxicated constituted a lesser included offense of that state's second-degree vehicular manslaughter. On appeal to the Supreme Court, the state did not contest these rulings by the Court of Appeals and therefore the Supreme Court addressed only whether double jeopardy barred the homicide and assault prosecutions.

prosecutions and stated that the *Blockburger* test [5], which analyzes the statutory elements of the charged offenses to reveal whether they are either identical or one is a lesser included offense of the other, is insufficient by itself to protect defendants against the burdens of multiple trials. Therefore, the Court held that even if offenses would pass muster under the *Blockburger* test, a further inquiry is necessary to assure that the double jeopardy right is not violated. Thus, the Court held that, "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.... The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Grady v. Corbin, supra*, 495 U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564 (footnote omitted).

Applying this standard to the facts in *Corbin* was, according to the Court, "straightforward." In its bill of particulars, the State admitted that it would prove "the entirety of the conduct for which Corbin was convicted— driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses." *Id.*, at —— – ——, 110 S.Ct. at 2094, 109 L.Ed.2d at 565–566. Therefore, the Court held that the successive prosecution was barred by double jeopardy. Acknowledging that drunk driving is a national tragedy and that prosecutors' offices are often understaffed and overworked, the Court nevertheless emphasized that, "[w]ith adequate preparation and foresight, the State could have prosecuted Corbin for the offenses charged in the traffic tickets and the subsequent indictment in a single proceeding, thereby avoiding this double jeopardy question." *Id.*,

5. *Blockburger v. United States, supra*, 284 U.S. at 304, 52 S.Ct. at 182. The test adopted in *Blockburger* for purposes of defining "same offense" was:

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

at ——, 110 S.Ct. at 2087, 109 L.Ed.2d at 566. It is clear that, henceforth, prosecutors must scrupulously adhere to this standard in order to escape the double jeopardy bar.

*Commonwealth v. Labelle, supra,* 579 A.2d at 1321, applied this new "constitutional mandate" to the case before it which, like *Grady v. Corbin* and the instant case, involved summary traffic convictions followed by a subsequent criminal prosecution, all of which arose from a single incident. In *Labelle,* the Commonwealth sought to prosecute the defendant for driving under the influence of alcohol. The defendant previously had pled guilty to two summary offenses arising from the same incident, driving at an unsafe speed and reckless driving, and had paid fines and costs.[6]

Pursuant to the mandate of *Grady v. Corbin,* this court first applied the *Blockburger* test to determine whether the offenses involved had identical statutory elements or if one was a lesser included offense of the other. Having concluded that each offense contains at least one element which the other did not, this court went on to apply the new, second double jeopardy test articulated in *Grady v. Corbin,* i.e., whether the Commonwealth intended to base the DUI prosecution upon conduct for which the defendant had already been convicted in the reckless driving prosecution. In *Labelle,* the record was inadequate to reveal the basis on which the Commonwealth would seek to prove the DUI conviction and whether that basis necessarily involved con-

---

**6.** *Labelle* had a somewhat complex procedural history. In *Labelle,* a complaint charging defendant with DUI was filed eight days after the accident from which the charges arose. One week later, the defendant was also charged with the two summary offenses. Two months later, while the DUI complaint was pending, defendant pled guilty to the summary offenses before the district justice and paid the fines and costs. A preliminary hearing was scheduled on the DUI charge two days after entry of the guilty plea. At that time, the DUI complaint was dismissed because under case law current at the time, the remedy for late filing of the complaint (eight days instead of the five days authorized by Rule 130(d)), was dismissal. That case law was reversed some time later, but before the statute of limitations on the DUI charge had run. The Commonwealth re-filed the DUI charge. Thereafter, the complaint was dismissed on double jeopardy grounds and the Commonwealth appealed.

duct for which the defendant had already been prosecuted. Therefore, we remanded for further proceedings.

■ After *Grady v. Corbin* and *Commonwealth v. Labelle,* this court's path, therefore, is well marked. In light of the mandates of these cases, it can no longer be argued that double jeopardy concerns are not raised by prior summary convictions. We are not free to conclude that a plea of guilty to a citation for a summary offense does not subject a defendant to the burdens of multiple trials or the dangers of government harassment which underlie the double jeopardy protection.[7] Both *Grady v. Corbin* and *Labelle* involved guilty pleas to summary traffic violations. In neither case was the defendant subject to the ordeal of "running the gauntlet" of a trial even once, much less multiple times. Whatever may have been our misgivings about extending double jeopardy protection to situations such as the present one, any doubts in that regard are precluded by *Grady v. Corbin* and *Labelle.* Our sole remaining relevant inquiry is whether *Blockburger* bars this prosecution and if not, whether the prosecution survives the second prong of the *Grady v. Corbin* "same conduct" test.

The *Blockburger* inquiry need not detain us long. Failing to drive on the right side of the roadway and driving while intoxicated each contain elements that the other does not. The former requires proof of driving on the wrong side of the road which DUI does not necessarily require. An essential element of DUI is proof of being under the influence of alcohol, an element not required for the summary traffic violation. Therefore, in order to complete our double jeopardy inquiry we must determine whether the Commonwealth, in order to establish an essential element of DUI, will prove conduct that constitutes the offense (failing

7. *See Commonwealth v. Buechele,* 298 Pa.Super. 418, 444 A.2d 1246, 1250 (1982) ("issuance by a district magistrate of a citation for a summary offense violating the Vehicle Code is not a prosecution or a trial which causes the anxiety and strain to a defendant, or which can be viewed as harassment by the government, such as is prohibited by our system of justice").

to drive on the right side of road) for which Kline has already been prosecuted. Under the circumstances of this case, we conclude that the Commonwealth must prove Kline's failure to drive on the right side of the road in order to convict her of DUI. Therefore, double jeopardy bars the DUI prosecution.

The section of the motor vehicle code under which the defendant was charged defines driving under the influence of alcohol in the following terms:

A person shall not drive, operate or be in actual control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving; ....

75 Pa.Cons.Stat.Ann. § 3731(a)(1) (Purdon 1990).

In order to establish the offense the Commonwealth must prove that: 1) defendant was operating a motor vehicle, 2) while under the influence of alcohol to the extent that she was incapable of safe driving. The Commonwealth must prove that Kline was intoxicated to a degree which rendered her unable to drive safely. We note that if Kline had consented to a blood alcohol test and if her blood alcohol content was shown to be 0.10 percent by weight or greater, proof of that fact along with the fact that Kline operated the vehicle would be sufficient to support a conviction for DUI under section 3731(a)(4). The statute permits the fact finder to infer that anyone with a blood alcohol level of 0.10 percent or more is under the influence of alcohol and should not be driving. *See Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986); *Commonwealth v. Crum,* 362 Pa.Super. 110, 523 A.2d 799 (1987).

In the instant case, however, the blood alcohol content of the defendant is unknown and she was not charged under section 3731(a)(4). Therefore, in order to establish the second element of the DUI offense, the Commonwealth must show that Kline's consumption of alcohol made her incapable of safe driving. The entirety of the Commonwealth's evidence on the DUI, as stipulated to at the motion

to dismiss on double jeopardy grounds, was that Kline's car was observed weaving back and forth across the center line of the highway and that the trooper noticed "the indicia of alcohol." No other "conduct" or demeanor relevant to Kline's degree of intoxication or ability to drive safely was observed. Clearly, in order to establish that Kline was intoxicated to a degree rendering her incapable of safe driving, the Commonwealth had to prove that she was weaving back and forth across the center line of the roadway.[8] This conduct, however, was conduct which constituted the offense (failing to drive on right side of roadway) for which she already had been prosecuted. As such, Kline's prosecution for DUI would offend the standards established in *Grady v. Corbin* and *Labelle* for protecting the double jeopardy guarantee.

We stress, as did the Supreme Court, our appreciation that society's need to control drunk driving remains compelling. We note further that our holding today would appear to stretch the double jeopardy guarantee to beyond the limits likely to have been contemplated by the authors of the Fifth Amendment. It is difficult to view this defendant's mere signing and mailing of the traffic citation as the kind of ordeal against which the double jeopardy guarantee was meant to protect. Moreover, the instant case displays none of the prosecutorial overreaching which in part underlies the prohibition against multiple prosecutions.

On the other hand, our rules of procedure provide the Commonwealth with an expeditious avenue by which to avoid the double jeopardy bar encountered in the instant case. The rules contemplate that all charges, summary and greater criminal charges alike, will be brought together in a single proceeding. In light of today's result it would appear unwise for citations to issue separately from criminal complaints arising from the same incident. We echo the

---

**8.** The fact that Kline had an odor of alcohol about her person would not be sufficient, without more, to establish that she was under the influence of alcohol to a degree which rendered her incapable of safe driving. *Commonwealth v. McGinnis*, 511 Pa. 520, 526 n. 4, 515 A.2d 847, 851 n. 4 (1986).

sentiment of the United States Supreme Court that "with proper planning and attention prosecutors will be able to meet this standard and bring to justice those who make our Nation's roads unsafe." *Grady v. Corbin*, 495 U.S. at ——, 110 S.Ct. at 2095, 109 L.Ed.2d at 566.

Order affirmed.

TAMILIA, J., concurs in the result.