## Commonwealth v. Martyn

*Jay Lantzy, assistant district attorney,* for the Commonwealth.
*Lawrence J. Hracho,* for defendant.

LUDGATE, *J.,* July 2, 1991—A preliminary hearing was held on December 17, 1990, before District Justice Douglas M. Heydt. At that time, the charges of driving under the influence of alcohol, section 3731(a)(1) and (a)(4), as well as the summary counts of maximum speed limits, section 3362 of the Vehicle Code; stop signs and yield signs, section 3323 of the Vehicle Code; reckless driving, section 3714 of the Vehicle Code; and fleeing or attempting to elude, section 3732 of the Vehicle Code, were all dismissed as well.

The Commonwealth refiled charges and on February 6, 1991, a preliminary hearing was held before District Justice Gail M. Greth, after which defendant was bound over for court on the charge of driving under the influence of alcohol or controlled substance under section 3731(a)(1) of the Vehicle Code and section 3731(a)(4) of the Vehicle Code. The Commonwealth amended the information to include the four summaries, which have previously been dismissed. These were maximum speed limits, under section 3362(a)(2) of the Vehicle Code; stop signs and yield signs, under section 3323(b) of the Vehicle Code; reckless driving, under section 3714; and fleeing or attempting to elude police officer, section 3733(a) of the Vehicle Code.

This matter is now before the court on defendant's omnibus pretrial motion, wherein defendant moves for suppression of evidence of defendant's blood test result and of statements made by defendant, as well as defendant's alleged refusal to perform field sobriety tests. Defendant also moves for dismissal of charges based on double jeopardy grounds.

Defendant argues that because the summary offenses were dismissed by the district justice after having held a preliminary hearing and having heard evidence regarding the summary offenses, defendant was placed in jeopardy on the summary offenses and cannot be again placed on trial for those offenses. Defendant relies on *Commonwealth v. Lyons,* 395 Pa. Super 184, 576 A.2d 1105 (1990). Defendant argues that the Commonwealth will necessarily rely on this conduct in the prosecution of defendant for driving under the influence of alcohol. This, defendant argues, places defendant again in jeopardy for conduct which constitutes an offense for which he has previously been prosecuted. The

Supreme Court of the United States in *Grady v. Corbin*, 495 U.S. ___, 110 S.Ct. 484, 109 L.Ed.2d 548 (1990), held that "The Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. . ... The critical inquiry is what conduct the state will prove, not the evidence the state will use to prove that conduct." *Grady* at 109 L.Ed.2d 564. It is clear that defendant has previously been prosecuted for the summary offenses which were dismissed, according to *Lyons*, and these summary offenses involved driving conduct, conduct which the Commonwealth would use to prove defendant's inability to operate a motor vehicle safely. Defendant is charged under two sections of the Vehicle Code, driving under the influence of alcohol, under section 3731(a)(1), and is charged with driving under the influence of alcohol to a degree which renders him incapable of safe driving, 75 Pa.C.S. §3731(a)(1). *Grady* would clearly bar this prosecution.

However, defendant is also charged with violation of section 3731(a)(4) of the Vehicle Code, which provides that defendant shall not drive, operate, or be in actual physical control of the movement of a motor vehicle, while defendant's blood alcohol content is 0.10 percent by weight or greater. In *Commonwealth v. Fry*, 340 Pa. Super. 445, 490 A.2d 862 (1985), the Superior Court held that the subsections of the drunk driving law, 75 Pa.C.S. §3731(a), are distinct offenses. *Id.*, citing *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983).

In *Commonwealth v. Kline*, 405 Pa. Super. 412, 592 A.2d 730 (1991), the Superior Court held that *Grady, supra*, and its decision in *Commonwealth v.*

*LaBelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990) (en banc), compelled the Superior Court to affirm this court's dismissal of a driving under the influence charge, where defendant had previously pled guilty to the summary offense of failing to drive to the right and was also charged with a violation of 75 Pa.C.S. §3731(a)(1), which arose from the same incident. The Superior Court held that, based on the facts, the Commonwealth would necessarily prove defendant's conduct of failing to drive to the right in its driving under the influence prosecution, thus double jeopardy would bar the driving under the influence prosecution. *Kline, supra.*

The Superior Court noted, in dicta, "that if [defendant] had consented to a blood alcohol test and if her blood alcohol content was shown to be 0.10 percent by weight or greater, proof of that fact, along with the fact that [defendant] operated the vehicle, would be sufficient to support a conviction for driving under the influence, under section 3731(a)(4). The statute permits a fact finder to infer that anyone with a blood alcohol level of 0.10 percent or greater is under the influence of alcohol and should not be driving." *Kline supra.* In the instant case, defendant is charged with violations of section 3731(a)(1) and (a)(4). Therefore, the Commonwealth would be required to prove, in order to convict defendant of the (a)(1) charge, that defendant was under the influence of alcohol to a degree which renders him incapable of safe driving and in so doing, the Commonwealth would necessarily prove conduct for which defendant has previously been prosecuted. Under *Grady* and *Kline,* proceeding under the (a)(1) section would be barred by the double jeopardy clause.

Defendant further argues that the refusal to submit to field sobriety tests is inadmissible at trial. We disagree.

The Superior Court in *Commonwealth v. McConnell*, 404 Pa. Super. 439, 591 A.2d 288 (1991), held that evidence of a refusal to perform field tests is comparable to a refusal to submit to a chemical test for alcoholic content of one's blood. The Superior Court held that "evidence of one's refusal of these tests is not 'testimonial' in nature and, thus, not within the purview of Fifth Amendment protections." *Id.* Defendant's refusal to submit to field sobriety testing is therefore admissible at trial.

Therefore, defendant's motion for dismissal of charges is granted as to the violation of section 3731(a)(1) of the Vehicle Code. However, defendant's motion for dismissal of charges as to the section 3731(a)(4) charge is denied.

## ORDER

And now, July 2, 1991 upon consideration of defendant's omnibus pretrial motion and upon review of the record and briefs and argument of counsel, it is hereby ordered and decreed that:

(1) Defendant's motion for suppression of evidence of blood alcohol content test result is hereby denied.

(2) Defendant's request for suppression of evidence of statements made by defendant is hereby denied.

(3) Defendant's motion in limine, regarding defendant's alleged refusal to submit to field sobriety tests, is hereby denied.

(4) Defendant's motion for dismissal of charges as to section 3731(a)(1) is hereby granted.

(5) Defendant's motion for dismissal of charges as to section 3731(a)(4) is hereby denied.