594 A.2d 743

COMMONWEALTH of Pennsylvania, Appellant,

v.

**Timothy Dwayne BUTT.**

Superior Court of Pennsylvania.

Argued May 24, 1991.

Filed Aug. 8, 1991.

Charles Coleman, Asst. Dist. Atty., Reading, for Com., appellant.

Lawrence J. Hracho, Reading, for appellee.

Before WIEAND, BECK and HUDOCK, JJ.

BECK, Judge.

In the instant case the trial court dismissed drunk driving charges against Timothy Butt on the grounds that the DUI prosecution would violate the constitutional guarantee against double jeopardy. The dismissal was based on the recent Supreme Court case of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and this court's *en banc* opinion in *Commonwealth v. Labelle*, 397 Pa.Super. 179, 579 A.2d 1315 (1990). In our view, the double jeopardy principles announced in *Grady* do not provide the relief the trial court granted here. Therefore, we reverse.

On April 3, 1990, a police officer in Berks County observed Butt's vehicle exceeding the speed limit in a 35 mile per hour zone. The officer followed the car and eventually Butt pulled the vehicle off the road and stopped on a grassy area. The officer noticed an odor of alcohol about the driver and when Butt was asked to perform various field sobriety tests, he failed to complete them. Butt was arrested and consented to a blood alcohol test which revealed a .23 blood alcohol level.

The officer issued a citation charging Butt with the summary offense of exceeding the maximum speed limit, 75 Pa.C.S. § 3362 (Purdon 1977). A complaint charging him with drunk driving, 75 Pa.C.S. § 3731(a)(1) and (a)(4) (Purdon 1990), was filed thereafter. Defendant was tried on the summary charge and, primarily based upon questions involving the reliability of the VASCAR radar speed clocking system, the district justice dismissed the speeding citation. At the same proceeding, the DUI charge was found to have a prima facie basis and was bound over for trial.

At a pre-trial hearing on the DUI charge, Butt petitioned the court to dismiss the DUI prosecution. Basing his claim on double jeopardy, he asserted that the prior dismissal of the speeding charge prevented the Commonwealth from proceeding with the DUI prosecution. The trial court agreed. The Commonwealth appeals and we now reverse.

As the Supreme Court in *Grady v. Corbin* recently reiterated, "[t]he double jeopardy clause embodies three protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Grady v. Corbin,* 495 U.S. at ——, 110 S.Ct. at 2090, 109 L.Ed.2d at 561. We are concerned here with the first protection. In *Grady,* the Court was concerned with a case which involved a subsequent prosecution after conviction, whereas here the first prosecution ended in a dismissal. However, our inquiry remains the same, i.e., "whether the successive prosecutions impermissibly involve the same offense." *Brown v. Ohio,* 432 U.S. 161, 166–167 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187 (1977).

In order to resolve that issue, *Grady* has articulated a two-part test which establishes the framework for determining what constitutes the same offense for double jeopardy purposes. The first prong of the inquiry is whether the offenses charged constitute identical offenses or if one is a lesser included offense of the other. This aspect of the analysis is known as the *Blockburger* test and is accomplished by a comparison of the statutory elements of the offenses at issue.[1] If each offense requires proof of an additional element which the other does not, the offenses charged will pass muster under *Blockburger.*

However, in order to overcome a double jeopardy challenge, the inquiry does not conclude there. The *Grady* court added the following requirement: "[whether] the government, to establish an essential element of an offense charged in [a subsequent] prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady v. Corbin,* 495 U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. Therefore, even if *Blockburger* alone does not bar the second prosecution, it is also necessary to decide whether, in order to prove

1. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

essential elements in its subsequent case, the Commonwealth necessarily must prove conduct for which the defendant already has been prosecuted.

It is clear that the DUI prosecution here is not barred by application of the *Blockburger* test. The summary offense of speeding requires proof that the defendant was driving in excess of the maximum speed limit, which DUI does not. Likewise, DUI requires proof that the defendant was under the influence of alcohol to the extent specified in the statute, which speeding does not require. Therefore, each contain at least one element which the other does not, and thus survive the *Blockburger* test.

Pursuant to the mandates of *Grady,* we must also determine whether the Commonwealth must rely upon the conduct which constituted the speeding charge in order to convict Butt of DUI. If the Commonwealth would find it necessary to prove that Butt was exceeding the speed limit or to rely on conduct which necessarily involved his speeding, in order to establish its DUI case, then double jeopardy would bar the DUI prosecution. Butt has already been tried and acquitted of speeding and the Commonwealth cannot prove that conduct again to sustain its DUI case. We conclude that the subsequent prosecution for DUI would not offend double jeopardy.

The complaint charging Butt with drunk driving alleges that Butt violated two subsections of the DUI statute, 75 Pa.C.S. § 3731(a)(1) and (a)(4).[2] Pursuant to section 3731(a)(1), the Commonwealth would have to prove that Butt was intoxicated to the degree which rendered him incapable of driving safely. To prove that Butt could not safely operate his vehicle it is arguable that the Commonwealth would have to prove the conduct which comprised

---

**2.** These sections provide as follows:
   (a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving; ... or
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

the prior speeding accusation. However, in the instant case, the Commonwealth could prove DUI based entirely on a violation of section 3731(a)(4), in that Butt's blood alcohol level was 0.23%, substantially higher than the 0.10% required by statute. The blood alcohol level alone, along with proof that Butt was in control of the movement of the vehicle, would suffice to support the DUI prosecution under that section of the statute.

The result we reach here is predicated on the Supreme Court's analysis in *Grady*. In *Grady*, the Supreme Court refused to adopt a "same transaction" test for defining "same offense" for double jeopardy purposes. A "same transaction" approach would in fact bar the DUI prosecution here even if the Commonwealth could prove the charge without re-establishing the speeding conduct, because both charges arise out of the same criminal transaction. Instead, the Supreme Court adopted the same conduct test of *Grady* and emphasized that double jeopardy would not be offended if the State relied on proving the subsequent charges by establishing conduct which, although part of the same criminal transaction, was not the conduct which constituted the offense for which defendant had already been in jeopardy. The implementation of the *Grady* same conduct test may require the prosecution to demonstrate the proof upon which it intends to rely in order to overcome the double jeopardy bar. *See Grady v. Corbin*, 495 U.S. at ——, n. 14, 110 S.Ct. at 2094, n. 14, 109 L.Ed.2d at 565 n. 14. Where the prosecution can make such a showing, the double jeopardy bar is avoided. *Contrast Commonwealth v. Kline*, 405 Pa.Super. 412, 592 A.2d 730 (1991) (since defendant was prosecuted only under section 3731(a)(1), Commonwealth stipulated that DUI conviction was dependent on proof of driving conduct for which defendant was already convicted; therefore, DUI charge barred by double jeopardy).

In light of this discussion, we hold that the trial court erred in dismissing the DUI prosecution against Butt. Prosecution for DUI which is not based on conduct that

constituted the speeding charge, would not violate the double jeopardy protection.[3]

Order reversed and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

**3.** Although not raised by the parties, we note too that the DUI prosecution would not be barred by principles of collateral estoppel. In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Supreme Court held that the double jeopardy guarantee embodies the rule of collateral estoppel which prevents the relitigation of an ultimate fact that has been determined by a valid and final judgment. It is clear however, that Butt's acquittal of the speeding charge determined no issue which was essential to the second prosecution for DUI. Therefore, collateral estoppel is inapplicable here.