J-A19016-23

2023 PA Super 247

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
ADAM W. MOFFITT              :
                              :
        Appellant            :   No. 3011 EDA 2022

Appeal from the Judgment of Sentence Entered June 27, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No:  CP-46-CR-0006277-2019

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:                    **FILED NOVEMBER 29, 2023**

Appellant, Adam Moffitt, appeals from the judgment of sentence imposed on June 27, 2022 in the Court of Common Pleas of Montgomery County following his convictions of fleeing or attempting to elude an officer,[1] resisting arrest,[2] and numerous summary offenses[3] arising out of events that occurred on April 29, 2019.  Appellant contends that the trial court erred by permitting amendment of the information charging him with fleeing and eluding; that the evidence was insufficient to support a conviction for resisting arrest; and that the trial court erred by denying a motion to quash the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a).

[2] 18 Pa.C.S.A. § 5104(a)(2)(iii).

[3] Appellant was convicted of 17 summary offenses under the Vehicle Code, 75 Pa.C.S.A. § 101 *et seq*.

summary offenses based on the statute of limitations. For the reasons stated herein, we affirm.

The trial court summarized evidence adduced at trial as follows:

On April 29, 2019, at approximately 4:50 p.m., Pennsylvania State Trooper Keith Gamber was traveling westbound on Ridge Pike approaching Belvoir Road in Plymouth Township, Montgomery County when he observed a white GMC Yukon stopped at the intersection with windows possessing dark tinting which prevented the trooper from seeing inside. Trooper Gamber proceeded to run a registration query which indicated that the registration on the GMC Yukon was a suspended "dead plate." The trooper subsequently attempted to initiate a traffic stop on the vehicle using his emergency lights and siren, but the GMC Yukon refused to stop.

The vehicle turned right onto Fairfield Road and began to accelerate. The GMC Yukon passed the Riverview Road intersection and, in an attempt to pass a vehicle, crossed the double yellow lines into the oncoming traffic lane which nearly caused a head on collision with another automobile. When the GMC Yukon approached the Sandy Hill Road intersection, where traffic was stopped at a red signal, the vehicle again crossed into the oncoming traffic lane in order to pass the stopped traffic. The GMC Yukon also ignored the red light and proceeded through the intersection despite the presence of cross traffic driving through the intersection on Sandy Hill Road. The vehicle continued on Fairfield Road and ignored another red signal at the intersection with New Hope Street despite the presence of cross traffic. Upon entering the intersection, the GMC Yukon nearly collided with another vehicle which was driving on New Hope Street. The GMC Yukon subsequently drove over a sidewalk and onto a property before it exited onto New Hope Street. The vehicle continued on New Hope Street and reached speeds of eighty-two (82) miles per hour. The GMC Yukon again crossed into an oncoming traffic lane and eventually drove to the back of the Norriswood Apartments on Arch Street where the driver parked it on a single lane road behind the complex.

The driver of the GMC Yukon, later identified as [Appellant], proceeded to flee from the vehicle but stumbled and dropped an item at the foot of the driver's side door which was later revealed

to be a wallet. [Appellant] eventually regained his footing and looked back at Trooper Gamber, which allowed the trooper to catch a clear glimpse of [Appellant's] face before [Appellant] fled from the scene. Authorities recovered a Pennsylvania identification card from the wallet which contained a photograph matching the appearance of the individual who Trooper Gamber observed fleeing from the GMC Yukon. The identification card also contained [Appellant's] name and date of birth. Authorities later arrested [Appellant] in July of 2019.

Trial Court Opinion, 1/25/23, at 1-2.

Following a trial on March 8, 2022, a jury convicted Appellant of fleeing or attempting to elude an officer as well as resisting arrest. The trial court found Appellant guilty of the vehicle code summary offenses. On June 27, 2022, the trial court imposed an aggregate sentence of 12 to 24 months in prison, plus fines for the summary offenses.[4] Appellant filed post-sentence motions, which the trial court denied on October 24, 2022. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider three issues:

I.    Did the trial court err in allowing the Commonwealth to amend the bill of information charging fleeing and eluding to add language which resulted in an additional element that turned a misdemeanor of the second degree to a felony of the third degree?

II.   Was the evidence insufficient to find the Appellant guilty of the charge of resisting arrest, since the Appellant was never arrested nor was any force used on the Appellant or by the

_____

[4] The court imposed statutory fines for Counts 3 and 4 and for Counts 6 through 19. For Count 5 (driving while operating privilege is suspended or revoked), the court imposed a sentence of 60 days' imprisonment, concurrent with the sentence of imprisonment imposed for Count 1 (fleeing or attempting to elude an officer).

> Appellant because the police officer never got within twenty feet of the Appellant?
>
> III. Did the trial court err in denying the Appellant's motion to quash bill of information counts three through nineteen because these charges were summmary (*sic*) offenses and the complaint was not filed for almost three months after the incident, well beyond the statute of limitations for summary offenses?

Appellant's Brief at 3.

In his first issue, Appellant contends that the trial court erred by permitting an amendment to the bill of information because the amendment added an element to the bill of information, converting the charge from a second-degree misdemeanor a third-degree felony. "We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion." ***Commonwealth v. Sandoval***, 266 A.3d 1098, 1101 (Pa. Super. 2021) (citing ***Commonwealth v. Small***, 741 A.2d 666, 681 (Pa. 1999)).[5]

The information as originally filed charged Appellant as follows:

**<u>COUNT 1:</u> FLEEING OR ATTEMPTING TO ELUDE OFFICER [75 Pa.C.S.A. 3733A] – Felony 3rd DEGREE**

Did willfully fail or refuse to bring his/her vehicle to a stop, or otherwise flee or attempt to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop.

Information, 12/11/19, at Count 1.

The statute at issue, 75 Pa.C.S.A. § 3733, provides, in relevant part:

---

[5] We remind counsel for Appellant that an appellant's brief is to include a "[s]tatement of both the scope and the standard of review." Pa.R.A.P. 2111(a)(3).

### § 3733. Fleeing or attempting to elude police officer

**(a) Offense defined.--**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

. . .

**(a.2) Grading.--**

(1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. . . .

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

**(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.**

75 Pa.C.S.A. § 3733 (emphasis added).

The original information, consistent with the statute, defined the offense and designated the grading as a third-degree felony, without specifically referring to subsection (a.2). Nevertheless, Appellant contends he was prejudiced when the trial court permitted the Commonwealth to amend to information in open court on November 15, 2021. At the time, the prosecutor explained:

- 5 -

In the abundance of caution, we did want to put the additional language of subsection (a)[2)(iii)].  So the language will remain the same for the statute, but it endangers the law enforcement or general public to the driver engaging in [a] high-speed chase.

We believe defense counsel and defendant have been on notice, as it was appropriately charged as a felony of the third degree, and the facts lay out the high-speed chase and there is no other subsection in play in regards to the fleeing and eluding.  I believe under Rule 564 we are able to make that amendment.

Notes of Testimony, Hearing, 11/15/21, at 19.

Appellant's counsel argued that the facts alleged in the bill of information "indicated a misdemeanor of the second degree," and that the proposed amendment would "actually increase[e] the penalty.  It's a different charge. It has different elements" beyond the statute of limitations.  *Id.* at 22.

As the trial court observed, Rule 564 of the Pennsylvania Rules of Criminal Procedure governs the amendment of a criminal information and provides that

[t]he court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced.  Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Trial Court Opinion, 1/25/23 (quoting Pa.R.Crim.P. 564.).  "[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed."  *Id.* (quoting **Commonwealth v. Sinclair**, 897 A.2d 1218, 1221 (Pa. Super. 2006) (internal citation omitted)).

- 6 -

As this Court has recognized:

In evaluating challenges to the amendment of criminal informations, this Court has set forth the following standard of review:

> In **Commonwealth v. Mentzer**, 18 A.3d 1200 (Pa. Super. 2011), we set forth our considerations in determining whether the trial court erred in permitting the amendment of the information.
>
> When presented with a question concerning the propriety of an amendment, we consider:
>
> whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. Additionally, in reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.
>
> Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:
>
> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a

- 7 -

change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*In re D.G.*, 114 A.3d 1091, 1094-95 (Pa. Super. 2015) (brackets removed) (quoting *Commonwealth v. Beck*, 78 A.3d 656, 660 (Pa. Super. 2013) (citations omitted)).

The central inquiry, therefore, is whether Appellant was prejudiced by the trial court's amendment of the charge brought against him. The trial court concluded he was not. The original information indicated Appellant was being charged with a third-degree felony. As set forth above, under Section 3733(a)(2), there are three scenarios under which fleeing or attempting to elude constitutes a third-degree felony. There is no suggestion that Appellant committed a violation under Section 3802 (driving under the influence) or that he crossed a State line. Therefore, it is clear Appellant's third-degree felony charge was based on endangering a law enforcement officer due to engaging in a high-speed chase under Section 3722(a)(2)(iii). This "element" was not added when the information was amended. It was included in the original information.

The trial court recognized that Appellant "was fully apprised of [the] charge involving a high speed chase" from the outset of this matter. Trial Court Opinion, 1/25/23, at 5. The criminal complaint indicated that Appellant ignored the trooper's attempt to initiate a traffic stop and that he fled at speeds approaching 82 miles per hour. *Id.* The amendment did not change

that factual scenario. Importantly, "considering the defense in this matter involved the claim that [Appellant] was not the individual who was driving the GMC Yukon, the defense strategy was unaffected by the amendment." *Id.* (citing *Mentzer*, 18 A.3d at 1202-03).

We find no error in the trial court's conclusions. Appellant's first issue affords him no relief.

Appellant next argues that the evidence was insufficient to support his conviction of resisting arrest. By statute,

> [a] person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104 (Resisting arrest of other law enforcement).

Our standard of review for a sufficiency of evidence claim is as follows:

> Whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jackson***, 907 A.2d 540, 542 n. 6 (Pa. Super. 2007)

(quoting ***Commonwealth v. Petaccio***, 764 A.2d 582, 585 (Pa. Super.

2000)).

> As Appellant acknowledges:
>
> It is well settled in this Commonwealth that where the circumstances of a suspect's flight exposes a pursuing officer or anyone else to a substantial risk of injury, a conviction for resisting arrest is proper.  Section 5104 does not require evidence of serious bodily injury, nor does it require actual injury.  Merely exposing another to the risk of such injury is sufficient to sustain a conviction under Section 5104.

Appellant's Brief at 13 (quoting ***In the Interest of Woodford***, 616 A.2d 641,

643-44 (Pa. Super. 1992) (citation omitted)).

Appellant contends the evidence was insufficient to support a conviction

for resisting arrest because "no physical contact took place between the

Appellant and Trooper Gamber.  Moreover, their respective vehicles never

collided or came close to colliding." ***Id.*** at 14.  The Commonwealth counters

that "[A]ppellant's actions, engaging in a high speed vehicle chase to avoid

the efforts of the police in discharging their duties [] placed members of the

public and the police at risk of serious injury while the officers were attempting

to stop [A]ppellant regarding numerous Vehicle Code violations."

Commonwealth Brief at 21.

> The trial court determined:
>
> Viewing this evidence in a light most favorable to the Commonwealth plainly supports a finding beyond a reasonable doubt the [Appellant] committed the offense of resisting arrest. Trooper Gamber was discharging his lawful duty when he

- 10 -

attempted to initiate a traffic stop on the GMC Yukon due to several vehicle code violations. [Appellant] disregarded the trooper's attempt to stop the GMC Yukon and engaged in a high speed chase in his attempt to elude the trooper. During this chase, [Appellant] exceeded the posted speed limit by approximately sixty (60) miles per hour, crossed into oncoming traffic lanes on several occasions and ignored red lights. These actions clearly created a substantial risk of bodily injury not only to Trooper Gamber, but to every other driver present on these roads in addition to any pedestrians.

Trial Court Opinion, 1/25/23, at 8 (citation omitted).

We agree with the trial court's reasoning and conclusion. The evidence was sufficient to support Appellant's conviction of resisting arrest. Appellant's second issue fails.

In his third and final issue, Appellant argues that the trial court erred when it denied Appellant's motion to quash Counts 3 through 19 of the bill of information based on the statute of limitations set forth in 42 Pa.C.S.A. § 5553(a). Section 5553 of the Judicial Code (Summary offenses involving vehicle) directs that, except under circumstances not applicable here, "proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter." 42 Pa.C.S.A. § 5553(a).

As this Court has recognized, "The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse

- 11 -

of discretion." **Commonwealth v. Wyland**, 987 A.2d 802, 804 (Pa. Super. 2010) (internal citation and quotation omitted).

Counts 3 through 19 were strictly summary offenses charged in the criminal complaint filed on July 18, 2019, 80 days after the April 29, 2019 event giving rise to those charges. As such, the charges were filed well beyond 30-day period prescribed by Section 5553(a) for initiating "proceedings for **summary offenses**." (Emphasis added.) However, because Appellant was also charged with attempting to flee or elude—a felony—in Count 1, and resisting arrest—a misdemeanor—in Count 2, we must determine whether the complaint initiated a "proceeding for summary offenses" subject to Section 5553(a). The trial court concluded it was not. We agree.

Important to our analysis is a comparison of Chapter 4 (Pa.R.Crim.P. 400 *et seq.*) and Chapter 5 (Pa.R.Crim.P. 500 *et seq.*) of our Rules of Criminal Procedure. Chapter 4 sets forth "Procedures in Summary Cases" while and Chapter 5 sets forth "Procedures in Court Cases."

Prefacing Chapter 4 of the rules is an "Explanatory Comment to Chapter 4," which indicates, *inter alia*, that "[u]nless otherwise provided in Chapter 4 or elsewhere in the Rules of Criminal Procedure, the court case rules [in Chapter 5] are not intended to apply to summary cases." Explanatory Comment to Chapter 4.

Rule 400 itself sets forth the means of instituting proceedings in summary cases. The comment to Rule 400 directs that

> [i]f one or more of the offenses charged is a misdemeanor, felony, or murder, the case is a court case (see Rule 103) and proceeds under Chapter 5 of the rules. Ordinarily, any summary offenses in such a case, if known at the time, must be charged in the same complaint as the higher offenses and must be disposed of as part of the court case.

Pa.R.Crim.P. 400 (Means of Instituting Proceedings in Summary Cases), *Comment.*

Further, "[w]henever a misdemeanor, felony, or murder is charged, even if the summary offense is also charged in the same complaint, the case should proceed as a court case under Chapter 5." Pa.R.Crim.P. 502, *Comment* (citations omitted)*.* Again, Chapter 5 prescribes the procedures for court cases.

As reflected above, the comments to both Rules 400 and 502 instruct that if a summary offense is charged in addition to a misdemeanor or felony, the crimes are to be charged in the same complaint and must be disposed of as part of the court case. That, in fact, is what occurred here. Therefore, the trial court concluded that because this case did not involve "proceedings in [a] summary case[]," Section 5553(a)'s statute of limitations did not apply. The court explained that the "summary offenses were part and parcel of the misdemeanor offense which constituted [a 'court case' under Pa.R.Crim.P.

103[6]] and had to be charged within the same complaint so that the entire matter could proceed as a court case." Trial Court Opinion, 1/25/23, at 9 (citing **Commonwealth v. Kline**, 592 A.2d 730 (Pa. Super. 1991) and **Commonwealth v. Moran**, 675 A.2d 1269 (Pa. Super. 1996)).

Appellant relies on the 1992 decision from this Court in **Commonwealth v. Vergotz**, 616 A.2d 1379 (Pa. Super. 1992), in support of his assertion that his summary offenses were barred by the Section 5553(a)'s provision relating to the statute of limitations in summary cases.

In **Vergotz**, a state trooper received information that Vergotz was selling illegal inspection stickers. Armed with a search warrant, on December 15, 1989, the trooper searched Vergotz's place of business and removed 33 inspection stickers from vehicles that were listed for sale. The trooper continued his investigation before preparing a criminal complaint, which was filed on February 2, 1990, charging Vergotz with the 33 summary counts under 75 Pa.C.S.A. § 4730(a)(2), relating to the certificates of inspection, along with

---

[6] Rule 103 defines a "court case" as one in which "one or more of the offenses charged is a misdemeanor, felony, or murder[.]" Rule 103 further defines a "summary case" as one in which "the **only** offense or offenses charged are summary offenses." (Emphasis added.) Again, the comment to Pa.R.Crim.P. 400 provides that "[o]dinarily, any summary offenses [in a court case], if known at the time, must be charged in the same complaint as the higher offenses and must be disposed of as part of the court case." Pa.R.Crim.P. 400, *Comment*.

one misdemeanor count of deceptive business practices under 18 Pa.C.S.A. § 4107(a)(4).

Vergotz filed a motion to quash the complaint. The trial court denied the motion but this Court reversed, stating:

> In the instant case, the offense was committed prior to [the trooper's] discovery of the offense and the identity of Appellant. Therefore, the time period for commencing charges against Appellant would have begun to run when it was discovered that an offense had been committed or that Appellant was the person who committed the offense. . . . [O]nce the stickers which were in Appellant's possession had been confiscated, sufficient evidence existed to support, with reasonable certainty, that Appellant had committed the summary offense of Violations of Use of Certificate of Inspection[]. Because this violation is a summary offense, the thirty day time period set forth in [Section] 5533(a) is applicable. *See Commonwealth v. Matthews*, [429 A.2d 37 (Pa. Super. 1981)]. The charges in the instant case were not filed until [more than 30 days] after the discovery that Appellant had committed the offense; therefore, we must reverse the trial court's finding of guilt in regard to the summary offenses with which Appellant was charged.

*Vergotz*, 616 A.2d at 1383-84 (citations omitted).

We find the narrow holding in *Vergotz* inapplicable to the instant case. Initially we note that the *Matthews* case cited in *Vergotz* involved summary offenses only. Therefore, the Court in *Matthews* did not consider whether the summary offense statute of limitations applied to a case in which the defendant was charged with a misdemeanor or felony in addition to the summary offenses. Nor did the Court in *Vergotz* address that distinction. Also importantly, the Court in *Vergotz* did not consider the fact that charging the defendant with a misdemeanor resulted in the matter being a court case,

- 15 -

not a summary case, and that Rules 400 and 502 require that if a summary offense is charged in addition to a misdemeanor or felony, the crimes are to be charged in the same complaint and must be disposed of as part of the court case.

Requiring that summary charges be filed within 30 days when the events also give rise to misdemeanor or felony charges would mean that authorities would have to initiate a separate summary case within 30 days even if the investigation into a misdemeanor or felony arising from the same events was not yet complete. Under that scenario, the defendant could simply plead guilty to the summary offenses and then rely on double jeopardy principles to avoid prosecution for the more serious offenses. In fact, that is the lesson from this Court's ruling in *Kline, supra*.

In *Kline*, the appellant was arrested after an officer observed that the vehicle she was driving was weaving across both lanes of the roadway. Upon stopping the vehicle, he detected the odor of alcohol on Kline's breath. She refused to submit to a blood alcohol test. Prior to releasing Kline, the trooper issued a citation charging her with a summary offense for failing to drive on the right side of the highway.

Five days later, a criminal complaint was filed, charging Kline with driving under the influence ("DUI"). Prior to receiving notice of the DUI charge, Kline pled guilty to the summary offense by signing and mailing the citation. Because no blood alcohol test had been conducted, the only evidence

to support Kline's conviction for DUI, and in particular, her inability to safely operate a vehicle, was her failure to drive on the right side of the highway. She argued that permitting the Commonwealth to prove that conduct, for which she already pled guilty, would violate her constitutional guarantee against double jeopardy. The trial court agreed, and this Court affirmed, citing double jeopardy principles. However, we noted:

> [O]ur rules of procedure provide the Commonwealth with an expeditious avenue by which to avoid the double jeopardy bar encountered in the instant case. **The rules contemplate that all charges, summary and greater criminal charges alike, will be brought together in a single proceeding**. In light of today's result it would appear unwise for citations to issue separately from criminal complaints arising from the same incident.

*Kline*, 592 A.2d at 734-35 (emphasis added). Again, Rules 400 and 502 instruct that those "summary and greater criminal charges . . . be brought together in a single proceeding," *i.e.*, a court case, which is not subject to Section 5553(a)'s time constraints.

This Court in *Vergotz* did not consider *Kline*, nor did it consider whether the summary charges were part of a court case. Importantly, another case relevant to our inquiry, *i.e.*, *Moran, supra*, was decided after *Vergotz*.

In *Moran*, the appellant was involved in a two-car collision. Both Moran and an occupant of the other vehicle were hospitalized for an extended period of time and blood tests as well as results of tests of the marijuana confiscated from Moran were not received before expiration of the 30-day period for filing summary charges. Therefore, "[i]t was impossible for the Commonwealth to

have filed the court charges in its complaint prior to its receipt of the test results or within the thirty day period" and Moran's attempt to have his summary charges dismissed was unsuccessful. *Moran*, 675 A.2d at 1272 (quoting *Moran* Trial Court Opinion, 9/1/93, at 2).

On appeal, we agreed with the trial court, explaining that "[t]he summary offenses sought to be dismissed were part and parcel of the criminal misdemeanor complaint charging [Moran] with DUI, and as such, shall be charged in the same complaint as the higher offense[] and shall be disposed of as part of the court case. If such did not occur, we would be confronted with a double jeopardy issue." *Id.* (citations and internal quotations omitted).

In a footnote to its opinion in the instant case, the trial court addressed *Vergotz*. Trial Court Opinion, 1/25/23, at 10 n.4. The court observed:

> Despite being decided following the Superior Court's holding in *Kline, supra*, the Court in *Vergotz* did not cite to *Kline* nor attempt to conduct any analysis involving the interplay between summary and court cases. Although this case does not appear to have been overturned to date, this court could not find any instance of *Vergotz* being relied upon by the Superior Court in reaching a determination that the statute of limitations set forth under Section 5553 still applies where summary charges are included within a court case. To the contrary, all of the case law found by this court indicated that summary offenses which are part and parcel of any criminal misdemeanor for felony counts must be charged in the same complaint as the higher offense thereby nullifying the application of the Section 5553 statute of limitations.

***Id.*** (citing, *inter alia*, ***Moran, supra***).[7]

As reflected above, the decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion." ***Commonwealth v. Wyland***, 987 A.2d 802, 804 (Pa. Super. 2010) (internal citation and quotation omitted).

We find no abuse of discretion on the part of the trial court for denying Appellant's motion to quash the summary charges filed as part of the court case that included a misdemeanor and a felony charge. Appellant's third issue fails.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/29/2023

---

[7] Citing ***Moran***, the trial court also noted that Appellant had failed to demonstrate that he was prejudiced by the delay in initiating prosecution beyond Section 5553(a)'s 30-day time limit. Trial Court Opinion, 1/25/23, at 8-9. However, we decide this case based on the fact the summary offenses were part of a court case rather than a summary case, rendering Section 5553(a) inapplicable. Therefore, the determination of prejudice required when dismissing a summary case for failure to comply with summary case rules, ***see*** Explanatory Comment to Chapter 4, does not come into play.

- 19 -