675 A.2d 1269

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Michael J. MORAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1996.

Filed May 2, 1996.

285

Deborah T. Lux, Bellefonte, for appellant.

J. Karen Arnold, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

Before POPOVICH, SAYLOR and EAKIN, JJ.

POPOVICH, Judge.

This case involves an appeal from the judgment of sentence for possession of a controlled substance (marijuana),[1] driving without a license,[2] driving on the wrong side of the roadway [3]

1. 35 Pa.S.A. § 780–113(a)(31).
2. 75 Pa.C.S.A. § 1501.
3. *Id.* at § 3301(a).

and driving a vehicle at an unsafe speed[4] by the appellant, Michael J. Moran. We affirm in part and vacate in part.

The facts of this case are undisputed: On January 21, 1993, the appellant operated his vehicle into the opposite lane of traffic and collided with a truck (causing injuries to its occupants) and a tractor trailer. On March 26, 1993, the appellant was charged by Pennsylvania State Trooper David M. Toohey with violating 75 Pa.C.S.A. § 3731(a)(2)(Driving Under the Influence of Marijuana), § 1501(a), § 3301(a), § 3361, and 35 Pa.S.A. § 780–113(a)(3), the latter of which arose when a container of marijuana was found on the appellant's person while being treated at Centre Community Hospital for injuries.

After all charges were held for court, the appellant filed a writ of habeas corpus challenging the sufficiency of the evidence (as to the DUI charge) and the prosecution of the summary offenses as filed exceeding the statute of limitations for instituting such charges. The court denied the writ and a subsequently filed Omnibus Pre–Trial Motion seeking dismissal of the summary offenses as violative of the statute of limitations. A jury trial followed resulting in guilty verdicts being returned on all charges save for the DUI charge.[5]

The sentencing hearing was set for December 6, 1994, wherein counsel for the appellant questioned the Pre–Sentence Report's recommendation that "restitution" in the amount of $543.99 be paid the "Victim ... Centre County District Attorney's Office.... * * * This amount include[d] $480 in Airfare for Dr. Tony Constantino". It was counsel's position that the appellant was not responsible for such "restitution" since the doctor "had testified for the Commonwealth with respect to the marijuana level in [the appellant's] blood and urine samples ... with respect to the DUI charge[, an offense for which the appellant] was acquitted.... [S]o[, the appellant] ... object[ed] to ... being ordered to pay any restitution...." N.T. 12/6/94 at 2–3.

4. *Id.* at § 3361.

5. The trial judge, sitting as a District Justice, rendered the verdicts on the summary offenses.

Notwithstanding the appellant's argument, the court imposed the following sentence for the conviction of possessing a small amount of marijuana; to-wit:

... probation ... for a period of thirty days subject to the following requirements: You pay the costs of prosecution and supervision fee. Pay a fine in the amount of $200.00. Violate no law of the Commonwealth or any other jurisdiction during ... probationary period. You comply with all conditions, rules and regulations as required by the probation office. *If you have not already done so, you make restitution in the amount of $543.99 to the Centre County District Attorney's Office.* Judgment will be entered against you and in favor of the probation department for all restitution, fees, fines and costs so ordered.[6] [Emphasis added]

*Id.* at 10; see also Record No. 16 (Sentence reduced to written order dated December 6, 1994, and provided that the appellant pay the costs of prosecution [Paragraph 1]) and restitution (in the amount of $543.99) to the District Attorney's Office [Paragraph 5].

■■■ The appellant filed a Post–Sentence Motion claiming that "[t]he restitution ordered in this case [wa]s improper and inappropriate in that the jury acquitted [the appellant] of ... Driving Under the Influence of Marijuana * * * [and the appellant] d[id] not have the necessary financial resources ... to pay restitution...."[7] Paragraphs 3 and 4. The sentencing court disagreed and denied the appellant's motion to modify his sentence. This appeal ensued and raises two issues for

6. Albeit the appellant was sentenced for violating Sections 1501(a), 3301(a) and 3361 of the Motor Vehicle Code, the absence of a challenge to the penalty imposed for these offenses dispenses with the need to address the judgment of sentence as to these summary offenses. See Pa.R.Crim.P. 1410.

7. The appellant's Post–Sentence Motion was filed December 9 and resulted in an order of court dated December 13, 1994, setting January 9, 1995, to hear argument on the motion. However, on December 28, 1994, the appellant perfected an appeal to this Court assailing the judgment of sentence. As to how, and if, this Notice of Appeal affected the lower court's jurisdiction to hear and rule upon the sentencing issue, see note 8, infra.

our consideration, the first of which alleges that the trial court erred in denying the appellant's writ of habeas corpus and motion to dismiss the summary offenses with the complaint's filing beyond the 30–day statute of limitations [8] under 42 Pa.C.S.A. § 5553 to initiate prosecution of summary offenses.

It is undisputed that the appellant was not charged with the summary offenses recited earlier until more than sixty days after the vehicular accident. As observed by the trial court on this point:

> ... the Defendant and the occupant of one of the two remaining vehicles involved in the collision were both hospitalized for a significant period, the test results establishing the presence of marijuana in Defendant's blood on which the Section 3731(a)(2) charge was based were not received until after the thirty day period, and the results of the test of the marijuana confiscated from the Defendant following the incident, on which the possession/small amount count is based was received later. It was impossible for the Commonwealth to have filed the court charges in its complaint prior to its receipt of the test results or within the thirty day period and therefore, we hold that Defendant's Petition for Writ of Habeas Corpus shall be denied.

Court Opinion, 9/1/93 at 2. We agree. The summary offenses sought to be dismissed were part and parcel of the criminal misdemeanor complaint charging the appellant with DUI, and, as such, "shall be charged in the same complaint as the higher offense[ ] and shall be disposed of as part of the court case." *Commonwealth v. Kline*, 405 Pa.Super. 412, 592 A.2d 730, 731

---

8. Prosecution of summary offenses in a timely fashion affects the jurisdiction of a court to hear the case. Thus, when a defendant questions the timeliness of his/her prosecution, we, as an appellate court, may address the subject matter jurisdiction argument in such a format or sua sponte. Cf. *Commonwealth v. Stadtfeld*, 445 Pa.Super. 271, 665 A.2d 487 (1995) (Subject matter jurisdiction to hear appeal of summary offense, after statute of limitations set forth in 42 Pa.C.S.A. § 5553 had expired, could be raised at anytime or sua sponte by the court).

Therefore, we find that the statute of limitations issue is subject to appellate review, it having been preserved for our review by the appellant's pre-trial motion and writ.

n. 1 (1991). If such did not occur, we would be confronted with a double jeopardy issue. See *Commonwealth v. Cauf-man,* 417 Pa.Super. 131, 611 A.2d 1300 (1992); *Commonwealth v. Bellezza,* 412 Pa.Super. 469, 603 A.2d 1031 (1992); *Commonwealth v. Adams,* 406 Pa.Super. 493, 594 A.2d 727 (1991). Moreover, the appellant has failed to show how he was prejudiced by the delay in initiating prosecution beyond the thirty-day time-limit set forth in Section 5553 in litigating summary offenses.[9] Cf. *Commonwealth v. Schimelfenig,* 361 Pa.Super. *325,* 522 A.2d 605 (1987)(en banc) (defendant must show how he was prejudiced by failure to file complaint in timely manner for DUI offense to be dismissed; defendant's inability to show prejudice warranted prosecution for DUI offense). Accordingly, the appellant's first claim is found wanting.

The second issue posed for our consideration challenges the "legality" of the sentence with the court's requirement that "restitution" be paid the District Attorney's Office despite the appellant's exoneration of the charge underlying the "restitution" order.[10]

Even the Commonwealth concedes in its brief at page 12 that 16 P.S. § 1403 governs the imposition of the costs of prosecution; it reads:

All necessary expenses incurred by the district attorney or his assistants or any officer directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. *In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection*

9. Appellant has failed to establish that evidence was lost, witnesses died or memories waned to the extent of hampering his defense. Thus, he cannot complain about the timeliness of his prosecution per Section 5553's thirty-day period.

10. The legality of sentence is a non-waivable issue and may be raised at any time or sua sponte by the court. *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983). This renders specious the Commonwealth's argument that the issue is waived.

*with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.* [Emphasis added].

Giving the statute a common sense interpretation, the statute explicitly permits a District Attorney to be reimbursed for expenses incurred in prosecuting cases, with the proviso that the defendant be "convicted" *and* the expenses have arisen "in connection with such prosecution."[11] Here, the expenses for which the court required the appellant to repay the District Attorney relate specifically to a charge for which no conviction was obtained—DUI; to-wit:

Restitution in the amount of . . . $543.99 was imposed by the court to cover: (1) court costs and fees; and (2) airfare in the amount of $480.00 for Anthony G. Constantino, Ph.D., the director of Toxicology at the American Medical Laboratories, Inc., in Chantilly, Virginia, who testified for the Commonwealth at trial concerning the levels of THC in Defendant's blood and urine samples.

Restitution may be imposed by the Court in accordance with 42 Pa.C.S.A. § 9721(c), which provides:

Restitution—In addition to the alternatives set forth in Subsection (a) of this section the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained.

Court Opinion, 5/25/95 at 2. We read the court's remarks as an erroneous application of the statutes permitting imposition of "restitution" as part of the sentencing scheme. In other words, the court has exceeded its statutorily permitted discretion in requiring "restitution" to the District Attorney's Office, which in no way is a "victim" of the appellant's DUI charge and subsequent dismissal thereof.

Here, as written, 42 Pa.C.S.A. § 9721(c)'s reference to "victim" is reserved to those who have sustained "damage or

11. The term "prosecution" would have to be read as synonymous with "conviction" since a defendant's exoneration of all charges would not permit the imposition of costs of "prosecution" under 16 P.S. § 1403. There must be a nexus between the "conviction" and "restitution" imposed to uphold its imposition by the court. None exists here.

injury" because of the defendant's criminal behavior. As for 16 P.S. § 1403, its very verbiage provides for the District Attorney's expenses incurred in the investigation, apprehension and prosecution of a defendant *to be paid by a defendant provided he/she "is convicted and sentenced ... in connection with such prosecution."* None of these objectives was stated by the court, either at the sentencing hearing on December 6, 1994, or in its opinion in reply to the appellant's complaint that "restitution" was improper. Rather, the court stated clearly that the "restitution" portion of the sentencing order was to compensate the District Attorney for expenditures associated with producing an expert (Dr. Constantino) to testify with regard to a charge ultimately found by the jury to be insufficient to convict the defendant. Thus, we read the court's issuance of an order of "restitution" of $543.99 to be *contra* the purpose and intent of 42 Pa.C.S.A. § 9721(c) and 16 P.S. § 1403, and, therefore, illegal.

█ In light of the error committed by the court, we have the option either to remand for resentencing or amend the sentence directly. *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 441 A.2d 750, 756 (1981). However, because the "restitution" is not an integral part of the sentencing scheme necessitating remand, contrast *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281, 1289–90 (1983), we will remedy the impropriety of the sentence now. Accordingly, we vacate that portion of the court's sentence imposing restitution in the amount of $543.99; in all other regard, the judgment of sentence is affirmed.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.