**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Carlos VASQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1998.

Filed July 28, 1998.

Michael G. Paul, Philadelphia, for appellant.

Peter G. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, President Judge, EAKIN, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

Carlos Vasquez appeals *nunc pro tunc* from the judgment of sentence imposed after his conviction on the charges of possession with intent to deliver a controlled substance and delivery of a controlled substance.[1] We vacate the sentence entered by the trial court and remand for resentencing.

The trial court has aptly and concisely summarized the underlying facts which formed the basis for Mr. Vasquez's conviction as follows

> The Commonwealth evidence recited that [on November 12, 1994] two police officers conducted a surveillance and observed two persons driving in a red sports car stop before [Vasquez] who had placed himself in the 2900 block of North Third Street. The officers observed [Vasquez] go to a nearby parked Crown Victoria automobile, retrieve packets of cocaine, hand them over to the individuals in the red sports car in exchange for U.S. currency. The red sports car then drove away and soon thereafter was stopped by police officers. Controlled substances were retrieved from the red sports car. Shortly thereafter the Appellant was placed under arrest and found to possess $310.00 of U.S. currency. From the Crown Victoria automobile the police recovered controlled substances[.]
> . . .

Trial Court Opinion, filed 12/15/95, at 1–2. The controlled substance retrieved from the Crown Victoria was cocaine that was packaged in five individual "ziploc packets" arrayed conspicuously upon the dashboard in the automobile's passenger compartment. N.T., 5/24/95, at 32. The total amount of cocaine recovered from the automobile was determined after crime laboratory analysis to be 12.008 grams. *Id.* at 106.

Mr. Vasquez was formally charged by Bills of Indictment with the aforementioned offenses plus an additional offense of illegal possession of a controlled substance.[2] (The additional offense of illegal possession of a controlled substance was *nol prossed* by the Commonwealth prior to trial.) Counsel from the Philadelphia Public Defender's Office was appointed to represent Mr. Vasquez. Mr. Vasquez was also provided with a court appointed interpreter to translate the court proceedings into the Spanish language for him and to translate any potential statements by Mr. Vasquez into English. *Id.* at 6.

Defense counsel elected to proceed to a jury trial, which began on May 24, 1995. The trial lasted only that day, with testimony being provided solely by the two police officers who had arrested Mr. Vasquez after observing his activities. Early in the morning of May 25, 1995 the jury returned a verdict of guilty on both charges.

Immediately after the guilty verdict was returned, the trial court commenced what purported to be a sentencing hearing. The trial court did not have at this time the benefit of a presentence report, nor did appointed counsel request a continuance of the proceeding until one could be prepared.[3]

---

1. 35 P.S. § 780–113(a)(30).

2. 35 P.S. § 780–113(a)(16).

3. Appointed counsel did request a brief continuance so that his client could "get financial affairs and business in order." This request was denied by the trial court. N.T., 5/25/95, at 164.

Prior to fashioning his sentence, the trial judge was informed by the prosecutor that Mr. Vasquez had a prior drug conviction, thus the enhanced mandatory sentence of five (5) to ten (10) years was to apply. N.T., 5/25/95, at 163. However, there was considerable confusion among all counsel and the trial court as to the exact nature of the drug offense for which Mr. Vasquez was previously convicted, and there was uncertainty as to under what circumstances the mandatory minimum sentence was to be applied.

This confusion was evidenced by the following exchanges:

> THE COURT: Mr. Vasquez, you have been found guilty of delivery of a controlled substance. The amounts of cocaine involved are over 10 grams, which under the law requires me to sentence you to jail for at least 3 to 6 years. In addition it appears that you were previously–let' s verify that, may I have the latest run down? In addition it appears that you pleaded guilty to **conspiracy** and **possessing a controlled substance** on bills, Common Pleas Court 8801–3074; is that accurate?

> [DEFENSE COUNSEL]: That is accurate based on that, and I will take that as accurate.

> [THE COURT]: Does any conviction require the extra two years or just a conviction for something specific?

> [PROSECUTOR]: The weight doesn't matter **as long as there's a prior conviction.**

> [DEFENSE COUNSEL]: Prior drug conviction.

> [PROSECUTION]: It doesn't matter whether it was mandatory or not.

> [THE COURT]: Does it involve a certain quantity whether felony, misdemeanor?

> [PROSECUTOR]: It has to be a felony.

> [THE COURT]: Well are you sure that 8801 was a felony? It could have (**sic**) appeal from Municipal Court.

> [PROSECUTOR]: The extract indicate (**sic**) that he was found guilty of manufacturing, possession, found guilty of the felony as well as of the misdemeanor.

> [THE COURT]: Make sure. Is that a felony conviction or is that an appeal from Municipal Court.

> [PROSECUTOR]: It's a felony conviction. Even if it what's an appeal from Municipal Court because the matter wasn't felony misdemeanor, that's still considered a prior conviction.

> [THE COURT]: Even if it's a misdemeanor.

> [PROSECUTOR]: Even if it's a marijuana felony only punishable up to five years, even though a felony trial held—

> * * *

> [DEFENSE COUNSEL]: I have another argument. If we're proceeding to sentencing today, it's always been my experience whenever you have a guilty plea its always felony, miscellaneous misdemeanor.

> [THE COURT]: I understand that.

> [DEFENSE COUNSEL]: I have one more argument.

> [PROSECUTOR]: From the sentence imposed one to two, it would have had to be a felony.

> [THE COURT]: If that's accurate—

> [PROSECUTOR]: Okay.

> [THE COURT]: If there's any difference—it appears also that you have been convicted previously or pleaded guilty previously as a result I am required to sentence you to at least 5 to 10 years in prison, even if I otherwise were to think that a lesser term would be appropriate.

> * * *

N.T., 5/25/95, at 164–167 (emphasis supplied).

At the conclusion of the proceedings, the trial court, believing that it was required to impose the mandatory minimum sentence, sentenced Mr. Vasquez to five (5) to ten (10) years in the state correctional facility with credit for time served. A timely appeal to our court was filed by defense counsel on June 13, 1995. Thereafter defense counsel was granted leave of court to withdraw, conditioned on appointment of appellate counsel.

Appellate counsel was in fact appointed but did not file a brief with our Court. Consequently, we dismissed the appeal by order dated March 12, 1996. However, the order

specified that the dismissal was without prejudice to Mr. Vasquez's rights under the Post Conviction Relief Act. Subsequently, Mr. Vasquez filed a *pro se* PCRA petition. Present counsel was thus appointed by the Honorable Genece Brinkley to represent Mr. Vasquez.[4] Judge Brinkley's order of appointment specifically directed that counsel file a *nunc pro tunc* appeal from the judgment of sentence. Order of Court dated 12/3/96, at 2. Present counsel has complied with Judge Brinkley's order and brought this *nunc pro tunc* appeal before our Court.

On appeal to our Court, Vasquez raises two issues for our consideration:

I. WAS THE SENTENCE EXCESSIVE?

II. WAS THE DEFENDANT DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL?

Appellant's brief at 3. Before we are able to address these issues, we are compelled, in the interests of justice, to speak to what transpired at the purported sentencing hearing on May 25, 1995.

■ Based on our reading of the transcript of the hearing of May 25, 1995, and a thorough review of the certified record, we do not believe that adequate justification exists within the record, to oblige the imposition of the mandatory minimum sentence of five (5) to ten (10) years imprisonment. We note that, in his brief to our court, Vasquez has not specifically raised this issue. However, it is a well-established legal principle that "[the] illegality of a sentence is not a waivable matter and may be considered by the appellate courts of the Commonwealth *sua sponte.*" *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281, 1289 (1983). *Accord, Commonwealth v. Moran,* 450 Pa.Super. 283, 675 A.2d 1269, 1272 at n. 10 (1996); *Commonwealth v. Sharpe,* 445 Pa.Super. 419, 665 A.2d 1194, 1195 (1995). Not only is the record before us manifestly insufficient to sustain the sentence imposed, it raises a significant possibility that an error was committed due to misunderstanding and misapplication of the law such that an illegal sentence was imposed. This significant possibility of error mandates a remand for resentencing.

■ The sentencing and penalties for drug trafficking are set forth specifically at 18 Pa.C.S.A. § 7508. The provision of the statute applicable to the case at bar provides:

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative, or preparation of coca leaves * * * shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant **has been convicted of another drug trafficking offense:** five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

18 Pa.C.S.A. § 7508(a)(3)(ii)(emphasis supplied).

The statute further defines the phrase "has been convicted of another drug trafficking offense" at subsection (a.1). Subsection (a.1) provides:

**Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense **when the defendant has been convicted of another offense under section 13(a)(14); (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act**[5], * * * wheth-

---

4. Judge Brinkley did not preside over Vasquez's trial or sentencing hearing.

5. 35 P.S. §§ 780–113(a)(14), (a)(30) or (a)(37).

er or not judgment of sentence has been imposed concerning that offense.

18 Pa.C.S.A. § 7508(a.1).

It is basic rule of statutory construction that words of statutes are to be given their plain meaning. 1 Pa.C.S.A. § 1903(a); *Commonwealth v. Nelson,* 456 Pa.Super. 349, 690 A.2d 728, 731 (1997). Thus, the mandatory minimum sentence is only required to be imposed if a defendant has been previously convicted of the three specific offenses enumerated in 18 Pa.C.S.A. § 7508(a.1). While there was much discussion on the record the day that Mr. Vasquez was sentenced, at no time was it specifically stated on the record by the court the exact offense or offenses for which Mr. Vasquez was previously convicted.

 The trial court did state that, based on its own information, it believed that Vasquez had pleaded guilty to conspiracy and possessing a controlled substance. Vasquez's counsel acknowledged that was accurate. N.T., 5/15/95, at 165. However, if that were true, prior convictions for mere possession of a controlled substance or conspiracy were not enough to require the imposition of the mandatory minimum sentence under 18 Pa. C.S.A. § 7508. Thus, the mandatory minimum did not have to be automatically applied by the trial court.

The exact nature of Mr. Vasquez's prior offenses was yet further clouded by the prosecution's subsequent assertion to the trial court, based on an extract of Vasquez's record, that Vasquez was found guilty of "manufacture and possession." *Id.* at 165. However, the prosecutor did not specifically cite under which subsection of 35 P.S. § 780–113 these convictions supposedly occurred.[6] Vasquez's attorney did not acknowledge these particular convictions to have occurred, and the trial judge made no findings or ultimate statement on the record to resolve this confusion and precisely determine the specific nature of Mr. Vasquez's prior convictions. Much of the discussion among counsel and the trial judge concerned whether or not Vasquez's prior convictions were felonies or misdemeanors, considerations which had no bearing on whether or not the mandatory minimum sentence was required to be imposed.

Since the trial judge did not have the benefit of a presentence report to guide him, we cannot presume that he was provided with accurate information concerning Mr. Vasquez's prior criminal record on which to base his sentencing decision.[7] Hence, since there is insufficient evidence from the certified record to allow meaningful appellate review, we must remand for a new sentencing hearing. It may very well be that Mr. Vasquez was previously convicted of one of the specifically enumerated violations of the Controlled Substance and Drug Act listed in 18 Pa.C.S.A. § 7508(a.1) and must receive the mandatory minimum sentence. However, we can not and will not speculate, based on the inadequate record currently before us, as to whether such a sentence is appropriate. There must be sufficient reasons stated on the record to justify the imposition of such a sentence. *See* Pa. R.Crim. P. 1409(C)(2); *Commonwealth v. Philipp,* 709 A.2d 920, 922 (Pa.Super.1998)(the trial court shall state on the record the reasons for the sentence imposed).

Judgment of Sentence is vacated. This case is remanded to the trial court for sentencing proceedings consistent with this memorandum.

EAKIN, J., files a dissenting opinion.

---

**6.** It must be noted that an extract of Mr. Vasquez's criminal record prepared by the Philadelphia Police Department found in the certified record lists only arrests for prior offenses but is completely blank as to the ultimate disposition of those offenses. The prosecution baldly asserts in its brief to our court, with no supporting citation to the certified record, that Vasquez was convicted in 1986 and 1987 of Possession With Intent To Deliver. Commonwealth's brief at 2, n. 1. However, it is axiomatic that we may only consider facts which have been duly certified in the record on appeal. *Commonwealth v. Bracalielly,* 540 Pa. 460, 475, 658 A.2d 755, 763 (1995).

**7.** We note also the absence of any statement of reasons on the record by the trial court to explain why a presentence report was dispensed with. Such a statement of reasons is mandatory whenever "incarceration of one year or more is a possible disposition under the applicable sentencing statutes." Pa. R.Crim.P. 1403 A(2)(a).

EAKIN, Judge, dissenting:

As appellant does not raise an issue concerning the justification for imposing a mandatory minimum sentence, I believe it improper to remand on that basis. The failure to adequately state on record reasons for an otherwise legal sentence does not make the sentence "illegal" such that we may consider it *sua sponte*.