J-S24029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN KELLER | : | |
| | : | |
| Appellant | : | No. 1254 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 31, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008036-2021

BEFORE: BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                     **FILED: September 12, 2024**

Shawn Keller ("Keller") appeals from the judgment of sentence following his convictions of persons not to possess firearms, two counts of possession of a controlled substance (fentanyl and cocaine), and possession of paraphernalia.[1]  We affirm.

In October 2020 and January 2021, Keller made multiple drug sales from his residence to a confidential informant ("CI") acting under the direction of agents from the Pennsylvania Attorney General's Office.  **See** N.T., 6/12/23, at 16-34.[2]  On two occasions, Keller sold the CI fentanyl, and on the third, cocaine.  **See id**. at 24-34.  The agents obtained a search warrant for Keller's residence.  **See id**. at 34-35.  During the execution of the warrant, the agents

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 6105(a), 35 P.S. § 780-113(16), (32).

[2] Keller changed residences after the first sale.  **See** N.T., 6/12/13, at 19, 25.

found a .38 revolver, fentanyl, and cocaine on Keller's person, and a digital scale, empty stamp bags, and drugs in the residence. *See id*. at 36-40, 78-80. At a non-jury trial, Keller testified he used the paraphernalia for his own drug use and was not a drug dealer, despite his previous conviction for selling drugs. *See id*. at 99-110.

The court rejected Keller's testimony as incredible and convicted him of the above-listed charges.[3] In August 2023, the court convened a sentencing hearing for this case and another case involving Keller's second conviction of possessing fentanyl with the intent to deliver, for which the parties agreed he would receive a concurrent sentence. *See* N.T., 8/31/23, at 6-7.

The court noted its possession of a pre-sentence investigation report ("PSI"). *See id*. at 3. The Commonwealth stated the standard-range terms of imprisonment were: sixty months for persons not to possess firearms, sixteen months for possessing a controlled substance, and restorative sanctions to six months for possessing drug paraphernalia. It requested a sentence of six to twelve years of imprisonment and $723 in lab fees. *See id*. at 5-6. After hearing argument,[4] and noting its consideration of Keller's health problems and his prior criminal record, the court imposed an aggregate sentence of seven-and-one-half to fifteen years of imprisonment on this case,

---

[3] The court acquitted Keller of other charges, including two counts of violating the Corrupt Organizations Act, and five counts of possession with intent to deliver; the Commonwealth withdrew a charge of resisting arrest.

[4] Keller declined to exercise his right of allocution. *See* N.T., 8/31/23, 19.

and a concurrent term of three to ten years of imprisonment for Keller's conviction of possessing fentanyl with intent to deliver, and imposed the lab costs the Commonwealth sought. *See id*. at 21-23. Keller filed timely a post-sentence motion asserting his sentence was excessive, "potentially the result of impermissible and inappropriate presumptions by the [c]ourt, focused more on his criminal history than his current circumstances, and constituted an abuse of discretion. *See* Motion for Post-Sentence Relief, 9/8/23, at unnumbered 6-9. Keller also sought reconsideration of the $723 fee award, which focused on a $365 portion of those costs for testing of drugs he was convicted of possessing and one marijuana lab testing fee, which he was not convicted of possessing. *See id*. at unnumbered 10. In September 2023, the court denied the post-sentence motion.

Keller filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Keller presents three issues for our review:

I.    Whether the [t]rial [c]ourt abused its sentencing discretion by failing to apply all the relevant sentencing criteria, including the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

II.   Whether the [t]rial [c]ourt abused its sentencing discretion by imposing consecutive sentences while failing to consider the mandatory sentencing factors, including the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b)?

III.    Whether the sentence was illegal when the [t]rial [c]ourt ordered payment of costs of $723 for the Pennsylvania State Police Crime Lab when those costs included tests for items involving charges [of which Keller] was acquitted?

*See* Keller's Brief at 6.

Keller's first two issues challenge the discretionary aspects of his sentence.

Before reaching the merits of a discretionary sentencing claim, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Keller preserved his sentencing issues in a post-sentence motion, filed a timely appeal, and included in his brief a statement of the reasons relied upon for allowance of appeal. Therefore, we consider whether he has raised substantial questions.

Keller's 2119(f) Statement contends the trial court failed to consider the relevant statutory factors when it sentenced him and failed to consider those factors when it imposed consecutive sentences. *See* Keller's Brief at 14-18. The failure to consider the relevant statutory criteria set forth in 42 Pa.C.S.A.

§ 9721(b) presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). Further, although the imposition of a consecutive sentence does not ordinarily present a substantial question, *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (citation omitted), Keller's assertion that a consecutive sentence may present a substantial question where the trial court failed to consider his rehabilitative needs arguably does. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015). Accordingly, we may consider Keller's first two challenges, which he combines.

> We consider the merits of Keller's claims mindful of the following:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). When reviewing the merits of a discretionary aspects of sentencing claim, this Court must consider: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based[;] and (4) the guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d) (some capitalization omitted).

By statute, the sentence imposed should call for total confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and on the community, and the defendant's rehabilitative needs. *See* 42 Pa.C.S.A. § 9721(b). Moreover, the court is required to state the reasons for its sentence, *see id*, although it need not offer a lengthy discourse of its reasons. *See Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022).

Pennsylvania law views a guidelines standard-range sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a guidelines-range sentence where it is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In addition, when the trial court has a PSI, we presume it was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018). Finally, an appellate court will not lightly disturb the trial court's sentencing judgment as the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." *Id*. (internal citation and quotations omitted).

A trial court has the discretion to impose consecutive rather than concurrent sentences. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). This Court sees "no reason why [a defendant] should be

afforded a 'volume discount' for his crimes by having all sentences run concurrently." *Id*. (citation omitted).

Keller asserts the PSI stated he had a difficult childhood, a history of drug use, various mental health conditions, and a traumatic brain injury, and he is successfully working towards sobriety. *See* Keller's Brief at 21. He argues the trial court did not focus on his improvement regarding drug dependency, but focused on the seriousness of his offense, making "only cursory references to [his] mitigating factors." *Id*. at 22. Keller further states that his receipt of consecutive sentences rendered him ineligible for the State drug treatment program. *See id*. at 23. Finally, Keller analogizes this case to *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011), in which this Court reversed a sentence of eighteen to ninety years of imprisonment because the sentencing court in that case focused almost exclusively on the impact of the crime on the victim and the impulse for retribution. *See id*. at 23-25.

The sentencing court stated Keller was involved in the distribution of cocaine and fentanyl, each of its sentences was within the standard range of the Sentencing Guidelines, and it considered the presentence report as well as Keller's completion of drug programs and his social security disability. The court explained its sentence derived from the risk Keller presented to society, his extensive criminal history, and his failure to rehabilitate on prior occasions, compelling the need for imprisonment to protect society and punish him adequately. *See* Trial Court Opinion, 1/17/24, at 2, 6-7.

The trial court did not abuse its broad sentencing discretion by imposing consecutive standard-range guidelines sentences for Keller's convictions. As noted, we may vacate sentences, like Keller's, that fall within the guidelines only where they are clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(2). Keller's seven-and-one-half year sentence did not fit that criterion. It included a five-year sentence for persons not to possess firearms that was at the bottom of the guidelines range. *See* 42 Pa.C.S.A. § 970.3, 204 Pa. Code §§ 303.15, 303.16(a),[5] and two sentences of fifteen to thirty months were also within the guideline ranges of six to sixteen months. *See id*. Keller does not demonstrate, or even assert, those sentences were clearly unreasonable, and therefore we cannot disturb them. *See* 42 Pa.C.S.A. § 9781(c)(2).

Furthermore, the court possessed and considered the PSI and considered all relevant factors including the risk Keller presented to the community and himself, Keller's prior record and repeated failures to rehabilitate, Keller's improvement with his addiction, Keller's health issues, and the seriousness of Keller's crimes. *See* N.T., 8/31/22, at 11-12, 14-15, 20-21.[6] The record thus does not support Keller's assertion the court did not consider the relevant statutory sentencing factors, as he asserted in his

---

[5] The amendment of the Sentencing Guidelines for crimes committed on or after January 1, 2024, has no application to this case.

[6] The court also noted that the other crime for Keller was receiving a wholly concurrent sentence, a second conviction of possession of fentanyl with intent to deliver, could itself had supported a maximum penalty of up to thirty years of imprisonment. *See* N.T., 8/31/23, at 20.

2119(f) Statement. In fact, Keller's appellate argument is not that the court did not consider those factors, but that it did not accord them the proper weight. *See* Keller's Brief at 21-23 (stating Keller's health challenges and asserting the court "made only cursory references to Keller's mitigating factors"). A court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes. *See Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017); *Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014).

Concerning his consecutive sentences, Keller argues only that the length of the aggregate sentence made him ineligible for prison drug treatment. *See* Keller's Brief at 23, citing 61 Pa.C.S.A. § 4103(1)(iii) (defining an "eligible person"). As noted, courts have broad discretion to impose consecutive sentences and are not required to provide defendants with "volume discounts." *Zirkle*, 107 A.3d at 133. Further, Keller's argument that the length of his consecutive sentence prevented his receipt of drug treatment in prison is essentially an assertion that he should not have received any sentence for his two drug possession convictions. The statute he cites renders a person ineligible for drug treatment if he receives a sentence above five years imprisonment, and even then, only after serving three of those five years. *See* 61 Pa.C.S.A. § 4103(1)(iii) (defining an "eligible person"). Keller was a person not to possess firearms and received a minimum guidelines-range sentence for that single offense. The court did not abuse its discretion

by declining to give him a volume discount and have all his drug convictions run entirely concurrent to that sentence, the only way Keller could have qualified for the treatment program he cites.

Keller's final claim asserts the illegality of the court's imposition of a portion of his $723 of laboratory costs, although his argument concedes the propriety of the imposition of $358 of laboratory costs for gun testing, he claims the $365 for drug testing was "completely speculative," and challenges the costs associated with the marijuana lab test fee since he he was not convicted of marijuana possession. Keller's Brief at 29.

Pursuant to both 16 P.S. § 1403, and 16 P.S. § 7708, when a defendant is convicted and sentenced to pay the costs of prosecution and trial, the district attorney's expenses shall be considered part of those costs. Additionally, the Commonwealth may recover the cost of criminal laboratory fees. **See** 42 Pa.C.S.A. § 1725.3. The Commonwealth bears the burden of justifying, by a preponderance of the evidence, that the imposition of costs on a defendant is proper. **See Commonwealth v. Gill**, 432 A.2d 1001, 1004 (Pa. Super. 1981). We review a trial court's imposition of costs of prosecution for an error of law. **See Commonwealth v. duPont**, 730 A.2d 970, 987 (Pa. Super. 1999).

Keller asserts the $365 of costs for the laboratory testing of drugs is "completely speculative" because those costs are not itemized in the same fashion as the firearms testing. Keller's Brief at 28-29. He further asserts he cannot be required to pay the costs of testing that revealed his possession of

marijuana where he was neither charged or convicted of that offense. *See id*. at 29.

The trial court stated that Keller did not object to the costs of lab testing at sentencing, and in his post-sentence motion simply stated the award "inappropriately includes costs relative to [c]ounts for which [Keller] was acquitted," and did not identify the inappropriate costs. Trial Court Opinion, 1/17/24, at 7-8.

We affirm the trial court's decision although on different grounds than cited by the court.[7] The certified record includes documentation establishing the five laboratory drug testing fees of $63.00 each. *See* Laboratory User Fee Statement, 9/30/21, at 1. Accordingly, the record refutes Keller's assertion that the lab costs are not itemized. One of those five tests disclosed the presence of marijuana. In the end, Keller's claim essentially presents a limited challenge to the $63 charge for testing the marijuana he was not convicted of possessing. However, Keller was convicted of offenses that included possession of drug paraphernalia, which included a digital scale. The analysis of the marijuana (as well as the other drugs) was relevant to prove Keller's use of the scale for criminal purposes. *See Commonwealth v. Larsen*, 682 A.2d 783, 797 (Pa. Super. 1996) (declining to apportion costs of prosecution

---

[7] It is well-settled that where the result is correct, we may affirm a lower court's decision on any proper ground. *See Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).

where the evidence related to dismissed charges was also relevant to other charges that resulted in conviction). Keller thus provides no basis to provide a $63 reduction of laboratory costs for testing the marijuana.[8]

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/12/2024

---

[8] Keller's case citations are inapposite. In this Court's unpublished decision in **Commonwealth v. Cole**, 2020 WL 1490845 (Pa. Super. 2020), the panel vacated the award of lab fees where Cole was prosecuted for disorderly conduct and the court-ordered fees resulted from conduct committed by others. **See id**. at *4. Likewise, in **Commonwealth v. Moran**, 675 A.2d 1269, (Pa. Super. 1996), the Court held the Commonwealth was not entitled to restitution as a victim under 42 Pa.C.S.A. § 9721(c) for money expended to obtain the testimony of a drug expert on a charge that resulted in acquittal. Here, the award did not constitute restitution to a victim and the testing of the marijuana helped establish Keller's guilt of the crime of possessing drug paraphernalia.